IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CR139-001 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DAMONE TYSON, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorney, Carole S. Rendon, United States Attorney, and Mark S. Bennett and Matthew J. Cronin, Assistant United States Attorneys, and submits its sentencing memorandum with regard to defendant Damone Tyson.

Specifically, the United States submits its sentencing memorandum in support of the following issues:  (1) an increase of 14 levels based on the applicable loss calculation; and, (2) an increase of 2 – levels based on the applicable "organizer or leader" enhancement.  The Government and current defense counsel discussed the two enhancement prior to Tyson's change of plea, and the Government agreed to limits its argument accordingly, although the undersign appreciates the basis for, and does not object to the enhancements applied in the Presentence Investigation Report. (R. 51: PSR, PageID 156-175).

In addition, the parties' plea discussion prior to Tyson's guilty plea to the Superseding Indictment without a written plea agreement contemplated a three (3) level reduction for acceptance of responsibility.  However, it appears that Tyson did not provide a statement of acceptance of responsibility, and the PSR does not award him the three levels.  Accordingly, the

final result discussed by the parties prior to Tyson's guilty plea was an offense level of 20 with a criminal history of IV (based on the pre-plea PSR completed early on in the case) for a Sentencing Guideline range of 51 to 63 months.

However, because of the delays caused by Tyson's changing of defense counsel and continuance of the trial date in this case, on November 23, 2015, Tyson was sentenced to 153 days in custody based on his conviction for two counts of nonsupport of dependents in Cuyahoga County Court of Common Pleas, Case No. CR-13-580656, which increased his criminal history points to 11 and made him a category V. As such, with an offense level of 23 (without AOR) and a criminal history category of V, Tyson's Sentencing Guideline range is now 84 to 105 months, which is prior to the 4 – level Organizer/Leader Enhancement applied by the PSR – rather than the 2 – levels the Government intends to request at sentencing.

## MEMORANDUM IN SUPPORT

**I.      The Loss Related to Tyson's Criminal Conduct is Greater Than $550,000**

On September 15, 2016, Tyson plead guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and eleven counts of bank fraud, in violation of 18 U.S.C. § 1344, in mortgage and vehicle fraud schemes, as detailed in the Notice of Guilty Plea. (R. 49: Notice of Guilty Plea, PageID 125 – 38). The Government incorporates by reference the Notice of Guilty Plea signed by Tyson.

Accordingly, as a fraud case, the calculation of Tyson's sentence is controlled by *U.S.S.G. § 2B1.1*. Because of the difficulties often associated with attempting to calculate the loss in a fraud case, the Guidelines state that the "court need *only make a reasonable estimate of the loss*." *U.S.S.G. § 2B1.1 cmt. n.3(C)*(Emphasis added.); *United States v. Rothwell*, 387 F.3d 579 (6th Cir. 2004).

The Guidelines also state that as a "General Rule" the Court should determine loss as "the greater of actual loss or intended loss", and then defines "actual loss" as "the reasonable pecuniary harm that resulted from the offense." *U.S.S.G. § 2B1.1 cmt. n.3(A)(I)*.  The Guidelines provide additional guidance with regard to the calculation of loss by stating the loss amount should be reduced by certain "credits against loss".  Specifically, the Guidelines state:

> **(E) Credits Against Loss**. - Loss shall be reduced by the following:
>
> \*\*\*
>
> (ii) In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from the disposition of the collateral, or if the collateral has not been disposed of by that time, the ***fair market value of the collateral at the time of sentencing***.
>
> *U.S.S.G. § 2B1.1 cmt. 3(E)(ii)* (Emphasis added).

In calculating Tyson's loss, this Court "is in a unique position to assess the evidence and estimate the loss based on that evidence." *U.S.S.G. § 2B1.1 cmt. n.3(C)*.  Therefore, a reviewing court may not overturn a district court's factual findings unless they are clearly erroneous. *United States v. Triana*, 468 F.3d 308, 321 (6th Cir. 2006).  In addition, under *U.S.S.G. § 1B1.3(a)(1)(A) and (B), (3) and (4)*, the Court can consider Tyson's other "relevant conduct", such as the testimony and documents presented at trial by the government pursuant to Rule of Federal Evidence 404(b).

Specifically, the Guidelines state:

> Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.  The range of information that may be considered at sentencing is broader than the range of information upon which the applicable sentencing range is determined.
>
> *See, Background, U.S.S.G. § 1B1.3* and *Application Note 9*.

In the present case, the government established Tyson's involvement in, and leadership of, a mortgage fraud scheme involving a straw buyer of a luxury residence in Richfield, Ohio, as well as ten (10) vehicles that Tyson obtained through the operation a similar bank fraud scheme involving additional straw purchasers of the vehicles. (R. 49: Notice of Guilty Plea, PageID 131-38). Tyson admitted to his criminal conduct and to how the schemes operated in Attachment A to the Notice of Guilty Plea. (Id.). In addition, the FBI Special Agent assigned to the case prepared a spreadsheet calculating the total loss caused by Tyson's fraudulent conduct in the manner outlined by *U.S.S.G. § 2B1.1* at approximately $631,854 for the E. Galloway property in Richfield, and $146,571 for the vehicles, which combined equals a total loss of approximately $778,425. (See, Spreadsheet of Loss Calculation, attached hereto as Exhibit 1).

In the calculation of the loss, the government started with the amount of the loans approved and distributed by the victim banks based on their reliance on the fraudulent information provided to them by Tyson, either directly or through the straw buyers at Tyson's direction. This amount is noted on the loss calculation spreadsheet in the "Atmpt Loss" column. (Id.) This amount equaled approximately $1,466,228. (Id.) Next, the government reduced this amount, or "credited" Tyson, for the amount of money recovered by the victim lenders through the subsequent sale of the property and vehicles in order to determine an actual loss amount of approximately $778,425 (Id.). *See U.S.S.G. § 2B1.1 cmt. 3(E)(ii)*.

Accordingly, the United States would request this Court determine that the loss attributable to Tyson is in excess of $550,000 and, therefore, an addition fourteen (14) offense levels should be added to the initial offense level of seven (7), for a subtotal offensive level of twenty-one (21), pursuant to *U.S.S.G. § 2B1.1(b)(H)*.

**II.     The Government Requests the Imposition of a Two Level Enhancement for "Organizer/Leader" Based on Tyson's Conduct.**

The Guidelines allow for a two (2) level increase for a defendant who was "an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels". *U.S.S.G. § 3B1.1(c)*.  The PSR asserts the four level enhancement is appropriate because the facts established Tyson recruited the straw buyers in the mortgage and bank fraud schemes, and there were more than five participants in the scheme. (R. 51: PSR, PageID 165).

Furthermore, in *United States v. Stafford*, 639 F.3d 270 (6th Cir. 2011), the Sixth Circuit affirmed the district court's determination that the defendant was an organizer or leader in a substantially similar mortgage fraud scheme.  Specifically, the Sixth Circuit held that the district court permissibly found that Stafford laid the foundation for, and provided much of the infrastructure for, the conspiracy.  He recruited seven straw buyers, enlisted builders and others to sell them 22 homes and brought Black and Hathcock in on the scheme.  At each stage, he gave his confederates precise directions, all to the end of sustaining the ongoing enterprise.  Without Stafford's expertise, connections and command, the conspiracy would never have gotten off the ground. Stafford met the requirements of an 'organizer or leader' of the conspiracy. *Id*. at 276, citing *United States v. Cook*, 55 Fed.Appx. 341, 342–43 (6th Cir.2003).

In the present case, the Government does not object to the PSR's application of the 4 – levels, or argue that it was not appropriately applied.  However, as part of the plea discussions, the Government agreed to only argue for the 2 – levels, and does so here.  Accordingly, the Government respectfully requests this Court to accept the 2 – level enhancement to Tyson's Sentencing Guideline calculations for a total offense level of 23, prior to the acceptance of responsibility.

**III.     Tyson's Criminal History Category is Properly Calculated at a Category V.**

The parties did not have an agreement, oral or written, as to Tyson's criminal history category.  Tyson did request that a pre-plea, or Criminal History Category Report, be completed in order to determine his criminal history category, which was granted on June 25, 2015. (R. 11: Minutes of Proceeding).  On September 9, 2015, the pre-plea report was issued and determined Tyson's criminal history category was a IV. (R. 14: Criminal History Category Report, PageID 40-46).  Then, on December 16, 2016, the Final PSR determined Tyson's criminal history category to be a V, based on the fact that on November 23, 2015, Tyson was sentenced to 153 days in custody for two counts of nonsupport of dependents in Cuyahoga County Court of Common Pleas, Case No. CR-13-580656, which increased his criminal history points from 9 to 11.  The Final PSR correctly calculated Tyson's criminal history points, and the reason for the year and half delay between the pre-plea report and the Final PSR rests solely with Tyson.

The Grand Jury returned the initial Indictment on April 8, 2015, and this Court scheduled an arraignment for April 22, 2015.  Tyson requested a continuance of the arraignment for one week, or until April 29, 2015, because he was allegedly out of town on business.  On April 29, 2015, Tyson failed to appear at the rescheduled arraignment, and this Court issued a warrant for Tyson's arrest.  Tyson managed to allude capture for several weeks, but, on June 10, 2015, Tyson was arrested and arraigned on June 11, 2015.  At this time, this Court appointed Federal Public Defender Charles Fleming to represent Tyson.

On June 24, 2015, Tyson filed the first of four motion to continue the trial and/or change of plea hearing.  During this time, the undersigned provided extensive discovery to Attorney Fleming, and the parties were in active plea negotiations.  Then, on September 17, 2015, Attorney Mark Allenbaugh filed a notice of appearance as retained counsel. (R. 15: Notice of

6

Appearance).  This was just eight days after the pre-plea report was issued.  Tyson seemingly retained Attorney Allenbaugh without advising Attorney Fleming, who was appointed by the Court because of Tyson's inability to pay, because at the September 22nd pretrial, both Attorneys Fleming and Allenbaugh appeared on Tyson's behalf.

Attorney Allenbaugh informed the undersigned that Tyson was not interested in changing his plea and that Tyson wanted to proceed to trial.  Based on the argument that Tyson had not signed any of the loan documents asserted by Attorney Allenbaugh, the Government was forced to superseding the Indictment, which was returned on December 15, 2015. (R. 20: Superseding Indictment, PageID 57-68).  In the meantime, Attorney Allenbaugh filed a motion to withdraw as attorney of record for Tyson for failure to pay his retainer, on November 16, 2015. (R. 19: Motion to Withdraw, PageID 54-55).  The sentence in state court for nonsupport of dependents was imposed on November 23, 2015, and the charges had been pending since December 5, 2013 – almost two years. (R. 51: PSR, PageID 168).

Accordingly, Tyson must have been aware of this pending state criminal case, and failed to resolve it.  In addition to the delays discussed, Tyson also filed motions to continue either the trial or his change of plea hearing on January 8, 2016; March 11, 2016; and, May 27, 2016.  Tyson cannot now assert that he was somehow prejudiced by this excessive period of delay because he caused the delay, or should he be allowed to ask the Court to conclude that his current criminal history category is overstated, or request that he be allowed to withdraw his guilty plea.

7

IV. **CONCLUSION**

For the foregoing reasons, the government respectfully requests this Court to determine that Defendant Damone Tyson's offense level is a twenty-three (23) based on the following calculation:  7 (base Offense Level) + 14 levels (loss in excess of $550,000), and + 2 levels (role in offense – organizer/leader).  With a criminal history category of V, Tyson's Sentencing Guideline range would be 84 to 105 months.  If Tyson rectifies his failure to submit a statement of acceptance of responsibility and this Court accepts his AOR by granting the 2 – levels, the Government would still be willing to move for the third level.  Therefore, Tyson would be an offense level of 20 with a criminal history category V for a Sentencing Guideline Range of 63 to 78 months.  Finally, the United States respectfully requests that the Court sentence within this range as sufficient, but not greater than necessary, to satisfy the requirements of *18 U.S.C. § 3553*.

>Respectfully submitted,
>
>CAROLE S. RENDON
>United States Attorney
>
>By:   /s/ *Mark S. Bennett*
>Mark S. Bennett (0069823)
>Matthew J. Cronin (VA 80267)
>Assistant United States Attorneys
>2 South Main Street, Room 208
>Akron, OH 44308
>(330) 761-0523 (ph); (330) 375-5492 (fx)
>Mark.Bennett2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2016 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Mark S. Bennett*
Mark S. Bennett (0069823)
Assistant U.S. Attorney